# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2023

Lyle W. Cayce
Clerk

No. 22-20579
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Vidal Mateo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-521-1

_____

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:[*]

Vidal Mateo, federal prisoner #97808-079, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mateo, who is currently serving a 360-month prison sentence, contends that the district court abused its discretion by failing to consider whether his rehabilitation in combination with his health conditions

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20579

and the COVID-19 pandemic constituted an extraordinary and compelling reason for compassionate release.

Mateo's arguments are unavailing.  A district court is not required "to make a point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Here, at the outset of its dispositive order, the district court stated that it had carefully reviewed Mateo's pro se motion and amended counseled motion, the responses and replies, the record of his underlying criminal case, and the applicable law. The court acknowledged Mateo's pro se arguments relating to his health conditions and rehabilitation and counsel's arguments. The mere fact that the district court did not expressly state that it considered the combination of Mateo's rehabilitation, his health conditions, and the COVID-19 pandemic does not establish that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Because Mateo's arguments were before the district court and were considered, the district court did not abuse its discretion. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

AFFIRMED.